# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Kenneth Whitmore, | ) |
|                 Plaintiff, | ) Civil Action No.: 6:17-cv-03081-JMC |
| v. | ) **ORDER** |
| State of South Carolina, Greenville County Solicitor's Office, Solicitor W. Walter Wilkins, Sheriff Will Lewis, and Sheriff Steve Loftis, | ) |
|                 Defendants. | ) |

This matter is before the court for review of Magistrate Judge Kevin F. McDonald's ("Magistrate Judge") Report and Recommendation ("Report") filed on March 29, 2018 (ECF No. 17). The Report addresses Plaintiff Kenneth Whitmore's ("Plaintiff") Complaint brought pursuant to 42 U.S.C. § 1983 and recommends that the court dismiss the action without prejudice and without issuance and service of process. (ECF No. 17 at 2.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 17.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint on November 13, 2017. (ECF No. 1.) Pursuant to 42 U.S.C. § 1983, Plaintiff alleged that he "never committed any crime and [that] the Attorney General and Greenville County Solicitor's Office never obtain[ed] any probable cause to indict [him.]" (*Id.* at 3.) In addition, Plaintiff asserts that he is being denied discovery requests and that

1

his Fourteenth Amendment rights were violated when he was "falsely incarcerated" by perjured testimony presented at his trial. (*Id.*; ECF No. 1-3 at 5.) On March 29, 2018, the Magistrate Judge issued a Report and recommended the dismissal of Plaintiff's Complaint. (ECF No. 17 at 2, 9.) The Report found that the State of South Carolina was protected by sovereign immunity under the Eleventh Amendment; the Greenville County Solicitor's Office was not a "person" for purposes of 42 U.S.C. § 1983; Solicitor Wilkins was protected by prosecutorial immunity; and Sheriffs Lewis and Loftis, in their official capacities, were entitled to qualified immunity under the Eleventh Amendment. (*Id.* at 5-7 (citing *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996)).) The Report also concluded that Plaintiff failed to state a plausible claim against Sheriffs Lewis and Loftis in their individual capacities. (*Id.* at 7-8.) On that same day, Plaintiff was advised of the opportunity to file a specific, written objection to the Report. (*Id.* at 17.) Plaintiff filed an Objection on April 11, 2018. (ECF No. 20.) Defendants did not reply to the Report or Objection.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a specific, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then a *de novo* review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

In the absence of *specific* objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983). Upon review, Plaintiff's Objection does not make *specific* objections to the Report. (ECF No. 20 at 1-3.) Instead, Plaintiff's Objection agrees with some aspects of the Report by conceding that: (1) "Plaintiff cannot sue the State of South Carolina"; and (2) "Plaintiff cannot sue the Greenville County Solicitor's Office." (*Id.* at 1.) Moreover, Plaintiff's Objection does not specifically address the prosecutorial immunity of Solicitor Wilkins and qualified immunity of Sheriffs Lewis and Loftis. (*Id.* at 1-3.) Put simply, the Objection is insufficient for the court to make a *de novo* determination concerning the Report. *See Suttles*, 1997 WL 76900, at *1. Therefore, the court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 17 at 4-9.) Because no *specific* objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and incorporates it herein. The court **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 12, 2018
Columbia, South Carolina

4